PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.
50 Tice Boulevard
Woodcliff Lake, NJ 07677
(201) 391-3737
Attorneys for Plaintiff Atlantic Home Loans, Inc.
John R. Edwards, Jr., Attorney ID# 027421985

| | |
|---|---|
| ATLANTIC HOME LOANS, INC. <br><br> Plaintiff, <br><br> v. <br><br> UNION HOME MORTGAGE CORP., <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY <br> MORRIS COUNTY – CHANCERY DIVISION <br><br> DOCKET NO. <br><br> VERIFIED COMPLAINT |

## VERIFIED COMPLAINT

Atlantic Home Loans, Inc. ("Plaintiff"), by and through its undersigned counsel, respectfully submits this Verified Complaint against Union Home Mortgage Corp. "Defendant"), and alleges as follows:

## PARTIES

1. Plaintiff is a New Jersey corporation with its principal place of business at 50 Route 46 West, Parsippany, NJ 07054, and at all relevant times was licensed as a mortgage lender to do business in the State of Pennsylvania and in numerous other states.

2. Defendant is a corporation with its principal place of business at 8241 Dow Cir., Strongsville, Ohio 44136.

1

**EXHIBIT A**

## FACTUAL BACKGROUND

**The Non-Disclosure Agreement**

1. Defendant entered a Non-Disclosure Agreement ("NDA") with Plaintiff in or about February 2021 in connection with a potential purchase of Plaintiff's business by Defendant.[1]

2. The NDA was and is a valid and enforceable contract between Plaintiff and Defendant.

3. In exchange for agreeing to be bound by the various provisions of the NDA, Defendant received valuable consideration including, but not limited to, access to Plaintiff's confidential and proprietary business records and the opportunity to negotiate the purchase of Plaintiff's business.

4. Plaintiff has fully performed its contractual obligations under the NDA, and all conditions precedent have been satisfied by Plaintiff.

5. Plaintiff's "Proprietary Information" was protected and defined in the NDA to include, inter alia, "… all non-public, confidential, proprietary information of or relating to the [Plaintiff]." NDA at para. 1.

6. Defendant explicitly agreed in the NDA to, inter alia, "use or permit the use of such Proprietary Information solely in accordance with the terms of this Agreement for the discussion and/or evaluation of the Business Transactions…" NDA at para. 2.

7. The "General Terms" of the NDA provided, inter alia:

---

[1] Because the form of NDA was prepared by a business broker with the pre-printed notation of "All Rights Reserved. Proprietary and Confidential Information – Not for External Distribution," Plaintiff has not attached the fully signed agreement. It is not anticipated that Defendant will challenge the provisions cited by Plaintiff. Of course, if the Court wants the signed agreement, we will provide it.

<blockquote>
Non-Solicitation. For a period of one year from the date of this Agreement, unless a Business Transaction contemplated hereby is consummated or unless specifically authorized, the parties each agree not to solicit the employment of any executives, management or staff of the other party with whom they came into contact as part of evaluating the proposed Business Transaction; provided, however, that nothing in this Agreement shall prohibit (i) any general advertising or solicitation for employment not specifically directed at employees of the other party, or (ii) employment of a person who initiates contact on his or her own initiative. Notwithstanding anything to the contrary in this Agreement, the parties may solicit, contact and hire any employee(s) of the other party so long as the initial contact with said employee(s) occurred prior to the execution of this Agreement. [NDA, para. 7(a)].
</blockquote>

8. The "General Terms" of the NDA further provided, inter alia:

<blockquote>
Injunctive Relief. The parties each acknowledge and agree that the unauthorized use or disclosure of the Discloser's Proprietary Information would cause Discloser to incur irreparable harm and significant damages, the degree of which may be difficult to ascertain. Accordingly, each party agrees that the Discloser will have the right to seek immediate equitable relief to enjoin any unauthorized use or disclosure of its Proprietary Information, in addition to any and all other rights and remedies it may have at law or otherwise. [NDA, para. 7(k)].
</blockquote>

9. The "General Terms" of the NDA further provided, inter alia:

<blockquote>
Attorneys' Fees. In the event of a dispute with reference to this Agreement, the prevailing party shall be entitled to attorneys' fees and costs incurred in resolving
</blockquote>

such dispute (including any dispute over the amount of attorneys' fees) at all levels, including appeals. [NDA, para. g].

**Defendant's Breaches**

10. Plaintiff and Defendant never entered into another contract, and Defendant did not make any purchase from Plaintiff.

11. On or about October 6, 2021, Plaintiff sold most, but not all, of its assets to a third party company.

12. Plaintiff still has an economic interest in the business production of its former employees based upon the financial terms of the purchase agreement with the third party, *i.e.*, performance based future payments, and based upon the business reputation of Plaintiff regarding Plaintiff's ability to contract with other third party purchasers of certain remaining assets.

13. Defendant used the Proprietary Information of Plaintiff to solicit, recruit and to hire Plaintiff's former sales manager and nine (9) other loan officers, which constituted the entire sales force of a given branch with only one exception.

14. Plaintiff is aware that the employees were hired through the Nationwide Multi-State Licensing System and Registry disclosing that the individuals are working for Defendant.

15. Pursuant to the terms and conditions of the NDA, Defendant was given, inter alia, access to that sales manager's and those loan officers' respective sales figures, productivity, profit margins, compensation packages, etc., all of which were within the definition of Proprietary Information.

16. Defendant's use of the Proprietary Information violated the NDA provision explicitly restricting the use of the Proprietary Information to <u>solely</u> discussions and/or evaluations of the possible sale of assets to Defendant.

4

17. Defendant's solicitation of Plaintiff's employees constituted a violation of the non-solicitation provision of the NDA.

18. Plaintiff's considerable background and experience in the mortgage industry informs it that the violations of the NDA by Defendant will lead to Defendant improperly soliciting and hiring additional former employees of Plaintiff's from other branches.

19. Plaintiff is currently aware of at least one additional former employee which Defendant is soliciting for hire.

## COUNT ONE

### BREACHES OF CONTRACT (NON-SOLICITATION OF EMPLOYEES AND USE OF PROPRIETARY INFORMATION)

1. Plaintiff repeats, reiterates and re-alleges each of the previous paragraphs as if set forth at length herein.

2. The NDA was and is a valid and enforceable contract between Plaintiff and Defendant.

3. In exchange for agreeing to be bound by the various provisions of the NDA, Defendant received valuable consideration including, but not limited to, access to Plaintiff's confidential and proprietary business records and the opportunity to negotiate the purchase of Plaintiff's business assets.

4. Plaintiff has fully performed its contractual obligations under the NDA, and all conditions precedent have been satisfied by Plaintiff.

5. Defendant breached its obligations under the NDA for the reasons stated.

6. As a direct and proximate result of Defendant's breaches, Plaintiff has suffered and will continue to suffer substantial economic harm.

7. As a direct and proximate result of Defendant's breaches, Plaintiff has also suffered and will continue to suffer irreparable harm that cannot be adequately compensated solely with an award of damages.

8. The NDA also recognized the irreparable harm and need for injunctive relief in the event the NDA was violated, and Defendant agreed to the injunctive relief sought by Plaintiff.

9. Accordingly, Plaintiff is entitled to injunctive relief to enjoin further breaches of the restrictions, in addition to compensatory damages and other remedies.

WHEREFORE, Plaintiff respectfully requests that the Court issue the following relief:

a. The issuance of a temporary restraining order and preliminary injunction restraining and enjoining Defendant from additionally hiring anyone who was an employee of Plaintiff at any time during the one-year period of the NDA, unless they were subject to an exception as defined in the NDA;

b. The issuance of a permanent injunction restraining and enjoining Defendant from further breaching the NDA;

c. The award to Plaintiff of compensatory damages;

d. The award to Plaintiff of its reasonable attorneys' fees and costs; and

e. The granting of such other and further relief as is just, equitable and proper.

## COUNT TWO

## UNJUST ENRICHMENT

1. Plaintiff repeats, reiterates and re-alleges each of the previous paragraphs as if set forth at length herein.

2. Defendant's retention of the revenue from the employees hired in violation of the NDA would be an unjust, inequitable and substantial windfall in violation of the express provisions of the NDA.

3. As a direct and proximate result of this unjust enrichment, Plaintiff has suffered and will suffer harm and damage.

WHEREFORE, Plaintiff respectfully requests that the Court issue the following relief:

a. The award to Plaintiff of compensatory damages;

b. The award to Plaintiff of its reasonable attorneys' fees and costs; and

c. The granting of such other and further relief as is just, equitable and proper.

## DESIGNATION OF TRIAL COUNSEL

John R. Edwards, Jr., Esq. is hereby designated as trial counsel pursuant to R. 4:25-4.

**PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.**
Attorneys for Plaintiff Atlantic Home Loans, Inc.

January 7, 2022

*/s/ John R. Edwards, Jr.*
John R. Edwards, Jr.

## **CERTIFICATION**

The undersigned certifies as follows: (1) the within action is not the subject of any other action or pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated; (2) there are no other parties known which should be joined in this action; and (3) confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

I certify that the foregoing statements are true. I understand that if any of the foregoing statements are willfully false, I am subject to punishment.

                                       **PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.**
                                       Attorneys for Plaintiff Atlantic Home Loans, Inc.

January 7, 2022                */s/ John R. Edwards, Jr.*
                                         John R. Edwards, Jr.

## CERTIFICATION OF VERIFICATION

Edmund Buchser, being of full age, hereby certifies and states that he/she is the Chief Executive Officer of Atlantic Home Loans, Inc., the named Plaintiff in the Verified Complaint. The allegations set forth therein are true and correct to the best of my knowledge, information, and belief, and the Complaint is made in truth and good faith. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____

Dated: January 7, 2022